IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK



------------------------------------------------------------ x
MOSES WEISS,
on behalf of plaintiff and the class
defined herein,

        Plaintiff,

        v.

CAPITAL MANAGEMENT SERVICES, LP;
CMS GENERAL PARTNER, LLC;
LVNV FUNDING LLC;
RESURGENT CAPITAL SERVICES, L.P.;

        Defendants.
------------------------------------------------------------ x

**ORDER FOR CONFERENCE PURSUANT TO RULE 16(a)**

10 Civ. 8329 (LAK) (FM)

**FRANK MAAS**
**UNITED STATES MAGISTRATE JUDGE.**

    This action is scheduled for a telephonic initial case management conference in accordance with Fed. R. Civ. P. 16(a) on February 22, 2011 at 3:00 p.m.

1.     **Attorneys of record for Plaintiff**:     **Attorneys of record for Defendants**

    Tiffany N. Hardy
    EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
    120 S. LaSalle Street, 18th Floor
    Chicago, Illinois 60603
    (312) 739-4200
    (312) 419-0379 (FAX)

    Shimshon Wexler
    THE LAW OFFICES OF
        SHIMSHON WEXLER, P.C.
    2664 Broadway
    New York, New York 10025
    (212) 760-2400
    (917) 512-6132 (FAX)

Arthur Jay Sanders
Mel S. Harris & Associates
5 Hanover Square
New York, New York 10004
(212) 660-1050
(646) 454-2104 (FAX)

Pursuant to Fed. R. Civ. P. 26(f), the parties held a meeting on February 17, 2011.

2. **Concise statement of issues**

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act ("FDCPA"). Specifically, Plaintiff alleges that Defendants violated 15 U.S.C. §1692g by sending Plaintiff a letter that failed to provide "the name of the creditor to whom the debt is owed" in the initial communication to Plaintiff or within five days afterwards. Plaintiff also claims that Defendants violated 15 U.S.C. §§1692e, 1692e(2) and 1692e(10) by falsely stating in their letter to Plaintiff that the creditor was Resurgent Capital Services, LP.

Plaintiff also defined a class in his amended complaint, consisting of (a) all natural persons with New York addresses (b) who were sent a document in the form represented by Exhibit A [to Plaintiff's Amended Complaint] (c) referring to Resurgent Capital Services, LP as the current creditor (d) on or after November 4, 2009, and (e) on or before November 24, 2010.

Defendants have denied Plaintiff's allegations and asserted affirmative defenses. Defendants Capital Management Services, LP ("CMS") and CMS General Partner, LLC ("CMSGP") assert the bona fide error defense set forth in 15 U.S.C. §1692k(c). Defendants LVNV Funding, LLC ("LVNV") and Resurgent Capital Services, LP ("Resurgent") assert that Plaintiff's claim fails to state a cause of action, and that they did not act as debt collectors.

3. **Discovery schedule**

   a. Parties do not have any names of persons to be deposed or a schedule of planned depositions at this stage.

   b. Each party shall produce documents 30 days after requests for document production are issued to them.

   c. Parties do not anticipate requiring expert discovery.

   d. Fact discovery is to be completed by June 24, 2011.

   e. A settlement conference will be held following the conclusion of discovery on June 29, 2011, at 2:00 p.m., in Courtroom 20A.

4. At this time, the parties do not seek to place any limit on discovery. Should the parties seek to designate certain documents as confidential at a later date, the parties may move for entry of a protective order.

5. At this time, the parties are not aware of any issues relating to electronically-stored information or the forms in which it is to be produced.

6. There are no discovery issues as to which counsel are unable to reach an agreement at this time.

7. The parties do not anticipate that expert testimony will be given.

8. At this time, the parties expect that a trial would take approximately 3 days. A trial by jury has not been requested.

9. The parties acknowledge that courtesy copies of all motion papers, marked as such, will be submitted to Chambers, even if the papers have been filed electronically.

10. This Scheduling Order may be altered or amended only on a showing of good cause not foreseeable at the time of this conference, or when justice so requires.

11. The Court approves this scheduling order.

SO ORDERED

Dated: New York, New York
       February 22, 2011

_____
FRANK MAAS
United States Magistrate Judge