**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------- x
MOSES WEISS,                                     :
on behalf of plaintiff and the class             :
defined herein,                                  :
                                                 :
                                                 :
                        Plaintiff,               :
                                                 :       1:10-cv-8329(LAK)(FM)
                v.                               :
                                                 :       Judge Kaplan
CAPITAL MANAGEMENT SERVICES, LP;                 :       Magistrate Judge Maas
CMS GENERAL PARTNER, LLC;                        :
LVNV FUNDING LLC;                                :
RESURGENT CAPITAL SERVICES, L.P.;                :
                                                 :
                        Defendants.              :
----------------------------------------------------------- x
```

<u>**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**</u>[1]

Plaintiff Moses Weiss respectfully requests that this Court enter an order determining that this Fair Debt Collection Practices Act ("FDCPA") action may proceed as a class action against defendants Capital Management Services, LP ("Capital Management"), CMS General Partner, LLC ("CMSGP"), LVNV Funding, LLC ("LVNV"), and Resurgent Capital Services, LP ("Resurgent").  Plaintiff seeks to certify a class, defined as (a) all natural persons with New York addresses (b) who were sent a document in the form represented by <u>Exhibit A</u> (c) referring to Resurgent Capital Services, LP as the current creditor (d)  on or after November 4, 2009, and (e) on or before November 24, 2010.

Plaintiff further requests that the Law Offices of Shimshon Wexler, P.C. and Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states:

---

[1] Exhibits referenced are attached to Memorandum in Support of Plaintiff's Motion for Class Certification.

**NATURE OF THE CASE**

1.      This case arises out of a form letter (attached as <u>Exhibit A</u>) that plaintiff received in May 2010.  The letter sought to collect a debt incurred for personal, family or household purposes and not for business purposes.

2.      <u>Exhibit A</u> was the first document plaintiff received from CMS regarding the debt described therein.  Plaintiff claims that <u>Exhibit A</u> was the first document CMS sent plaintiff regarding the debt described therein. Plaintiff alleges that <u>Exhibit A</u> is a form document used by CMS as the initial notice it sends to consumers.

3.      <u>Exhibit A</u> states that the "current creditor" is Resurgent Capital Services, LP.  Resurgent is not the current owner of the debt, and in fact does not own any debts.  Plaintiff alleges that <u>Exhibit A</u> was sent at the direction of Resurgent on behalf of LVNV, which did own the debt.

4.      Plaintiff alleges that defendants violated 15 U.S.C. §1692g, by failing to provide "the name of the creditor to whom the debt is owed" in the initial communication or within five days afterwards.

**CLASS CERTIFICATION REQUIREMENTS**

5.      All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

6.      Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons with New York addresses (b) who were sent a document in the form represented by <u>Exhibit A</u> (c) referring to Resurgent Capital Services, LP as the current creditor (d)  on or after November 4, 2009, and (e) on or before November 24, 2010.

7.      The class is so numerous that joinder of all members is impracticable.

8.      It is reasonable to infer that there are more than 40 natural persons with New York addresses who were sent a document in the form represented by Exhibit A, referring to Resurgent Capital Services, LP as the current creditor, on or after November 4, 2009, and on or before November 24, 2010.  Exhibit A has bar-coded addresses and return addresses, which entitle the mailer to discounts from the Postal Service associated with large-scale mailings.

9.      There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

10.     Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

11.     Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases (Exhibit E).

12.     A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.  Many debtors may not realize that their rights are violated.

13.     In further support of this motion, plaintiff submits the accompanying memorandum of law.

WHEREFORE, plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Respectfully submitted,

s/Tiffany N. Hardy
Tiffany N. Hardy

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
2664 Broadway
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com


Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER
       & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## <u>CERTIFICATE OF SERVICE</u>

   I, Tiffany N. Hardy, hereby certify that on March 10, 2011, I caused to be filed the foregoing document via the CM/ECF System, which sent notification of such filing to the following parties via electronic mail:

Arthur Jay Sanders
asanders@melharrislaw.com

Shimshon Wexler
shimshonwexler@yahoo.com

         <u>s/Tiffany N. Hardy</u>
         Tiffany N. Hardy